## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Tanisha McVay, | * |
| On behalf of herself and those similarly situated, | * |
| | Case No. 3:19-cv-2389 |
| | * |
| Plaintiff, | Judge |
| | * |
| v. | Magistrate Judge |
| | * |
| Hearthside Food Solutions, LLC, c/o Corporation Service Company 50 West Broad Street, Suite 1330 Columbus, Ohio 43215 | **JURY DEMAND ENDORSED HEREON** |
| | * |
| | * |
| Defendant. | * |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Tanisha McVay ("McVay" or "Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Complaint against Hearthside Food Solutions, LLC ("Hearthside" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims is asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of

Page **1** of **17**

others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Northern District of Ohio, and Defendant has its principal place of business or it otherwise conducted substantial business in the Northern District of Ohio.

## II. PARTIES AND STATEMENT OF FACTS

4. Named Plaintiff is an individual, United States citizens, and resident of Lucas County, Ohio, which is in this judicial district.

5. Named Plaintiff worked in the position of packer, which is an hourly, non-exempt position. During all times relevant, Named Plaintiff was an "employee" of Defendant as defined in the FLSA and the Ohio Acts.

6. McVay worked as a packer from approximately February 2015 until October 16, 2017.

7. Defendant is a foreign for-profit corporation with its Ohio statutory agent address for service of process located at 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

8. Defendant is a food manufacturer and employs thousands of similarly situated employees throughout the United States operating in excess of 30 production facilities throughout Illinois, California, Florida, Idaho, Indiana, Kentucky, Michigan, Minnesota, Mississippi, Ohio, Tennessee, Utah, Virginia, and Washington.

9. During his employment with Defendant, Named Plaintiff was not fully and properly paid in accordance with the minimum requirements of the FLSA for all of her compensable hours worked because Defendant did not properly calculate overtime based on their ***regular rate of pay***, as defined by the FLSA, but instead calculated overtime based on their hourly rate of pay, resulting in unpaid overtime wages for the three years preceding the filing date of this Complaint and continuing until trial (three years preceding this filing date hereinafter "Relevant Time Period").

10. Named Plaintiff brings this action on behalf of herself and on behalf of those similarly situated and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent form is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

11. Defendant is and has been doing business in this judicial district.

12. At all times relevant, Defendant has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

13. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

14. During relevant times, Defendant has benefitted from the work performed by Named Plaintiff and those similarly situated.

15. Upon information and belief, Defendant operated/operate and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

16. During her employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all of their compensable hours worked because Defendant did not properly calculate their regular rate of pay for the purposes of meeting the minimum requirements set forth in the FLSA, resulting in unpaid overtime wages.

17. Defendant pays Named Plaintiff and thousands of other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

18. In addition to the Base Hourly Wage, Defendant pays their employees with additional forms of remuneration which should have been included in the calculation of employees' regular rate of pay for overtime compensation, including, but not limited to (1) shift premiums; (2) job/position premiums; and (3) non-discretionary "Attendance Bonuses" as an incentive for maintaining/achieving attendance goals given it is important to the overall operation of Defendant (collectively hereinafter "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b); 778.211(c).

19. During the last three years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration as described above in various workweeks.

20. When Defendant paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendant failed to properly calculate their employees' regular rate of pay during workweeks when they worked over 40 hours in one or more workweeks for the purposes of overtime pay because Defendant did not include the Additional Remuneration in its regular rate calculations for overtime wages. Consequently, Defendant failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

21. Instead, Defendant paid Named Plaintiff and other similarly situated employees overtime compensation at one and one-half times their **Base Hourly Wage**, and not one and one-half times their *regular rate of pay*, as that phrase is defined under the FLSA. *See* 29 U.S.C. § 207(e).

22. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

23. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

24. Defendant is in possession and control of necessary documents and information from which Named Plaintiff and similarly situated employees would be able to precisely calculate damages.

25. For the three years preceding this filing, Defendant applied the same pay practices and policies to all hourly, non-exempt employees, including Named Plaintiff.

26. Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned

policies and practices of not paying employees the correct overtime rate for all hours worked over 40 in a workweek.

27. Defendant knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their *regular rate of pay*, as that phrase is defined under the FLSA, but it willfully elected not to fully compensate its employees during all times relevant.

### III. COLLECTIVE ACTION ALLEGATIONS

#### A. 216(b) Collective Action for Unpaid Overtime Wages.

28. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendant, who received a Base Hourly Wage and Additional Remuneration during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§216(b) Collective Class" or the "§216(b) Collective Class Members").

29. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

30. In addition to the Named Plaintiff, the putative §216(b) Collective Class Members have been denied overtime compensation due to Defendant's company-wide payroll policy and practice of not fully and properly compensating their employees at the proper overtime rate during workweeks when they worked more than forty (40) hours per workweek and were paid their Base Hourly Wage and Additional Remuneration. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative §216(b) Collective Class Members

overtime at a rate of at least one and one-half times their ***regular rate of pay***, as that phrase is defined under the FLSA, for all overtime hours worked. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

31. The identity of the putative §216(b) Collective Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

32. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and §216(b) Collective Class Members overtime wages. Thus, Defendant enjoyed substantial profits at the expense of the Named Plaintiff and §216(b) Collective Class Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

33. Named Plaintiff also brings her Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of herself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt employees of Defendant working in Ohio, who received a Base Hourly Wage and Additional Remuneration during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class", the "Rule 23 Class", or the "Ohio Rule 23 Class Members").

34. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked more than forty (40) hours per workweek, but were not correctly compensated at a rate of at least one and one-half times their correct ***regular rate of pay***, as that phrase is defined under the

FLSA, for all hours worked in excess of 40 because of Defendant's policy and practice of not fully compensating its employees at the proper overtime rate during workweeks when they received additional forms of remuneration as described herein.

35. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

36. Named Plaintiff is a member of the Ohio Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

37. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

38. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

39. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

40. Questions of law and fact are common to the Ohio Rule 23 Class.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

42. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual

members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

44. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members their correct overtime rate for all hours worked in excess of forty hours per week as a result of Defendant's failure to properly calculate the Ohio Rule 23 Class Members' regular rate of pay when they received Additional Remuneration; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

45. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**IV.     CAUSES OF ACTION**

**COUNT I**
**(FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)**

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the §216(b) Collective Class Members.

48. During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiff and the §216(b) Collective Class Members.

49. Named Plaintiff and the §216(b) Collective Class Members were paid on an hourly basis and they were employed in non-exempt positions.

50. Named Plaintiff and the §216(b) Collective Class Members worked in excess of 40 hours in one or more workweeks during their employment when they earned Additional Renumeration.

51. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

52. The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

53. Under 29 U.S.C. § 207(e), "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, the employee like the type of Named Plaintiff and the §216(b) Collective Class Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R §§ 778.207(b); 778.208; 778.211(c).

54. Named Plaintiff and the §216(b) Collective Class Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years prior to the filing of this Complaint.

55. Defendant violated the FLSA with respect to Named Plaintiff and the §216(b) Collective Class Members by, *inter alia*, failing to *fully* compensate them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks because Defendant did not properly calculate its employees' overtime rate when they received Additional Remuneration as described herein.

56. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the §216(b) Collective Class Members are entitled.

57. The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiff and the §216(b) Collective Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession.

58. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the §216(b) Collective Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the §216(b) Collective Class Members.

## COUNT II
### (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

61. The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant and Defendant is an employer covered by the overtime requirements under Ohio law.

62. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

63. The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not correctly paid their overtime rate for all hours worked over 40 in a workweek when they received Additional Remuneration as described herein.

64. Defendant's company-wide corporate policy and/or practice of not properly paying its hourly, non-exempt employees the *correct* overtime rate for each hour worked over forty (40) hours in workweeks when employees also received Additional Remuneration as described herein resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

65. Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio law.

66. Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them at time-and-one-half times their correct regular rates of pay for hours worked over forty (40) hours in a workweek because Defendant did not properly calculate its employees' overtime rate when they received Additional Remuneration as described herein.

67. The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

68. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendant acted willfully.

69. For Defendant's violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant.

72. During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

73. The OPPA requires Defendant to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

74. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

75. The Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

76. The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

77. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

### V. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order against Defendant as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the §216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. A declaratory judgment that Defendant's payroll policy or practice of not properly calculating the overtime rate during workweeks when its employees received Additional Remuneration for Named Plaintiff and the § 216(b) Class as described herein violates the FLSA;

D. An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the FLSA and attendant regulations and requiring Defendant to follow such laws going forward;

E. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA and continuing through trial;

  F.  Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

  G.  Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

  H.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

  I.  Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

  J.  Such other and further relief as to this Court may deem necessary, just or proper.

 **WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff requests judgment against Defendant for violations of the Ohio Acts, and for an Order as follows:

  K.  A declaratory judgment that Defendant's wage and hour policies and practices as alleged herein violate the Ohio Wage Act with respect to the non-payment of certain overtime compensation and violations of the OPPA;

  L.  An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the Ohio Wage Act and the OPPA, and requiring Defendant to follow such laws going forward;

  M.  An Order certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act and the OPPA;

N. Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

O. Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

P. Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period or $200 for each pay period, whichever is higher; and

Q. Awarding Named Plaintiff, the Ohio Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of twelve (12) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman